IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MILTON CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:22-cv-596-ECM |
| | ) (WO) |
| MS. ROLANDA CALLOWAY, | ) |
| WARDEN III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On October 6, 2022, the *pro se* Plaintiff filed a complaint alleging that, due to a lack of trained officers and a failure to post rules and regulations of the institution, he was stabbed by another inmate in May, 2022. (Doc. 1). In the request for relief the Plaintiff seeks a restraining order to prevent the Alabama Department of Corrections from retaliating against him, which the Court construes as a motion for a temporary restraining order. (*Id*. at 8). The motion for a temporary restraining order is due to be denied, and the case will be referred to the Magistrate Judge for further proceedings.

A temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the

public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

The Plaintiff has not met Rule 65(b)(1)'s requirements. First, he does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is

ORDERED that Plaintiff's motion for a temporary restraining order (doc. 1) is DENIED.   It is further

ORDERED that this case is referred to the Magistrate Judge for further proceedings.

DONE this 6th day of October, 2022.

　　　　　　　　　　　　　　　　/s/ Emily C. Marks　　　　　　　　　
　　　　　　　　　　　　　　　EMILY C. MARKS
　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE