IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MILTON CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:22-cv-596-ECM |
| ) | (WO) |
| MS. ROLANDA CALLOWAY, ) | |
| WARDEN III, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court is a motion for a temporary restraining order ("TRO") filed by the *pro se* Plaintiff on March 22, 2023. (Doc. 16). The Plaintiff filed a complaint on October 6, 2022, alleging that, due to a lack of trained officers and a failure to post rules and regulations of the institution, he was stabbed by another inmate in May 2022. (Doc. 1). Now, in a second motion for a TRO, the Plaintiff claims Warden Rolanda Calloway terminated Plaintiff from his institutional job in retaliation for his filing this lawsuit. (Doc. 16 at 1). Plaintiff seeks a TRO to prevent the Alabama Department of Corrections from further retaliating against him. (*Id*. at 2–3). The motion for a TRO is due to be denied.

A TRO should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the TRO is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the TRO would cause to the nonmoving party, and (4) that the TRO would not be adverse to the public interest.

*Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a TRO may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. FED. R. CIV. P. 65(b)(1).

The Plaintiff has not met Rule 65(b)(1)'s requirements. First, he does not allege any concrete facts to support a finding that a TRO is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is

ORDERED that Plaintiff's motion for a temporary restraining order (doc. 16) is DENIED.

DONE this 22nd day of March, 2023.

                                                     /s/ Emily C. Marks  
                                                     EMILY C. MARKS  
                                                     CHIEF UNITED STATES DISTRICT JUDGE